UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREAT WEST CASUALTY COMPANY,
a Nebraska corporation,

       Plaintiff,

v.

D & C EXPRESS INC., a Michigan
corporation; SORIN BODESCU, a Michigan
citizen; MARIAN PLESOIANU, an Arizona
citizen, doing business as MP TRUCKING;
NORTHLAND INSURANCE COMPANY,
a Minnesota corporation; and IOAN SANDU,
a Michigan citizen,

       Defendants.

Case No. 22-cv-_____

Judge _____

Magistrate Judge _____

_____/

## COMPLAINT FOR RESCISSION AND DECLARATORY AND OTHER RELIEF

Plaintiff Great West Casualty Company ("Great West") by counsel respectfully seeks entry of this Court's judgment that based on material misrepresentation in the application to Great West for insurance, Great West is entitled to equitably rescind the insurance policy it issued to defendant D & C Express Inc. ("D&C"); that under the circumstances of the March 10, 2022 fatal Texas truck accident described below, Great West has no duty to pay Michigan no-fault benefits to driver Sorin Bodescu ("Bodescu") or to passenger Ioan Sandu ("Sandu"); that Great West has no duty to defend or indemnify D&C Express Inc.

1

or Bodescu against any third-party liability claims; and otherwise resolving all issues between and among the parties with respect to the March 10, 2022 fatal Texas truck accident, all as further alleged below and supported by the attached Exhibits.

In further support of its action and requested relief, plaintiff by counsel states and submits the following exhibits:

## THE PARTIES

1.     Plaintiff Great West is a Nebraska corporation and Nebraska domiciled property and liability insurer, NAIC company code 11371, with its principal place of business address at 1100 West 29th Street, South Sioux City, Nebraska 68776.  Great West is a Nebraska citizen, and in any event is not a citizen of Michigan, Arizona, Minnesota, or Connecticut for purposes of diversity jurisdiction under 28 U.S.C. §1332.[1]

---

[1]  Great West's direct corporate parent is ORI Great West Holdings Inc., a Delaware corporation with its principal place of business in Chicago, Illinois, which is affiliated with Old Republic General Insurance Group, Inc., a Delaware corporation with its principal place of business in Chicago, Illinois, and Old Republic International Corporation, a Delaware corporation with its principal place of business in Chicago, Illinois.  Old Republic International Corporation does not itself write insurance, adjust or pay claims, or provide other insurance services, all of which functions are undertaken by subsidiaries such as Great West.  None of these entities are citizens of Michigan, Arizona, Minnesota, or Connecticut for purposes of diversity jurisdiction under 28 U.S.C. §1332.

2.      Defendant D&C is a Michigan corporation with its principal place of business at 35213 Vargo Street, Livonia, Michigan 48152, Michigan ID number 800741938, which was engaged in commercial trucking at least through the time of the subject March 10, 2022 accident.  D&C is a Michigan citizen for purposes of diversity under 28 U.S.C. §1332.

3.      Defendant Bodescu is a Michigan resident who resides at 35213 Vargo Street, Livonia, Michigan 48152.  According to on-line State of Michigan records, Bodescu is the owner, President, Treasurer, Secretary, Director, and Resident Agent of defendant D&C and upon information and belief as a commercial truck driver on behalf of D&C sustained injury in the at-issue two-truck accident on March 10, 2022, in Wheeler County, Texas, north of Shamrock, Texas.  Bodescu is a Michigan citizen for purposes of diversity under 28 U.S.C. §1332.

4.      Defendant Marian Plesoianu upon information and belief owns, operates, and does business as MP Trucking, a federally-authorized motor carrier engaged in commercial trucking under USDOT number 2951615, with his principal place of business at 15333 North Pima Road Suite 305, Scottsdale, Arizona 85260 and/or 16357 E. Arrow Drive Apartment 208, Fountain Hills,

Arizona 85268 ("Plesoianu" or "MP").[2]   Plesoianu is an Arizona citizen for purposes of diversity under 28 U.S.C. §1332.

5.     Defendant Northland Insurance Company is a Connecticut domiciled insurer with its principal place of business at 385 Washington Street Mail Code 103, St. Paul, Minnesota 55102-1309 ("Northland").[3]   Northland insured MP at all material times under policy number WN315667 effective November 24, 2021. Northland is a Connecticut and Minnesota citizen for purposes of diversity under 28 U.S.C. §1332.

6.     Defendant Sandu is a Michigan resident with an address upon information and belief of 15740 Lakeside Village Drive, Apartment 304, Clinton Township, MI 48038, who allegedly was injured in the at-issue March 10, 2022 Texas two truck accident while a passenger in the commercial truck owned by D&C and driven by Bodescu.  Sandu is a Michigan citizen for purposes of diversity under 28 U.S.C. §1332.

---

[2]  U.S. Department of Transportation ("USDOT") Federal Motor Carrier Safety Administration ("FMCSA") SAFER website information for Marian Plesoianu accessed 6/2/2022 and 11/2/2022, https://safer.fmcsa.dot.gov/CompanySnapshot.aspx.

[3]  Northland is a wholly-owned subsidiary of The Travelers Indemnity Company; the ultimate corporate parent of each is Travelers Cos. Inc. (NYSE: TRV).

## JURISDICTION AND VENUE

7.     This Court has original jurisdiction over this case of actual

controversy pursuant to 28 U.S.C. §1332 because the matter in controversy

significantly exceeds the sum or value of $75,000 exclusive of interest and costs

and there is complete diversity of citizenship between plaintiff, a Nebraska insurer

and non-citizen of Michigan, and defendants who are citizens of Michigan,

Arizona, Connecticut, and Minnesota or otherwise understood to be diverse from

plaintiff for purposes of diversity of citizenship jurisdiction under 28 U.S.C.

§1332.

8.     This Court has authority to declare the rights and other legal relations

of the parties pursuant to 28 U.S.C. §§2201-2202 and Federal Rule of Civil

Procedure 57.  At a minimum there is an actual controversy between Great West

and defendants with respect to:

      a.  Whether Great West, which issued a Non-Trucking Use Commercial

          Lines policy in reliance on D&C's January 2022 Non-Trucking Use

          Application for insurance, has the equitable or other right to rescind

          that policy based on material misrepresentation;

      b.  Whether Great West, which issued a Non-Trucking Use Commercial

          Lines policy, has a duty to provide Michigan PIP benefits to Bodescu

          and/or Sandu when the truck Bodescu was driving was under load and

reportedly under dispatch and assignment for MP at the time of the Texas accident;

c.  Whether Great West has a duty to provide Michigan PIP benefits respectively to Bodescu and/or Sandu if either misrepresented material facts in making their respective claims to Great West;

d.  Whether Great West, which issued a Non-Trucking Use Commercial Lines policy, has a duty to defend and/or to indemnify D&C or Bodescu with respect to anticipated third-party liability claims by or on behalf of non-parties such as (i) decedent Bradley Hedger or his Estate, and/or (ii) motor carrier 51 Fifty Solutions Inc., when the truck Bodescu was driving was under load and reportedly under dispatch and assignment for MP at the time of the Texas accident and based on other applicable policy language;

e.  Other respective obligations and rights of Great West and Northland with respect to Bodescu, MP, and Sandu when the truck Bodescu was driving was under load and reportedly under dispatch and assignment for MP at the time of the accident, including under their respective insurance policies.

9.  Venue is proper in this District pursuant to 28 U.S.C. §1391 because at a minimum Great West's Named Insured – defendant D&C – is a Michigan

corporation and does business in this District, defendants Bodescu and Sandu are

residents of and do business in this District, the subject commercial truck was

registered and licensed in Michigan,[4] defendants MP and Northland do business in

this District, and the place of performance for Great West may be argued to be in

this District.

## RELATIONSHIPS AMONG THE PARTIES

10.    Defendant D&C owned the commercial truck tractor at issue, a 2017

Volvo tractor, VIN 4V4NC9TK8MN983737.[5]

11.    Defendant Bodescu represented to Great West in defendant D&C's

application to Great West for insurance that D&C was leased onto another motor

carrier under a written lease agreement, expressly representing to Great West that

---

[4]  Texas Police Officer's Crash Report attached as Exhibit A.

[5]  *Id.*  Upon information and belief D&C purchased the subject truck tractor on June 8, 2021 from "CBM Logistics LLC" per the Bills of Sale to "DC Express" attached as Exhibit B.  The two nearly-identical CBM Logistics' Bills of Sale in Exhibit B indicate they were executed under penalty of perjury under California law.  Upon information and belief per the USDOT FMCSA SAFER website, "C B M Logistics LLC" is a former authorized motor carrier, USDOT 2358968 authority discontinued June 4, 2007, with the same 4303 Falconer Drive, Riverside, California address as "B Trans Logistics LLC", former authorized motor carrier, USDOT 3095031 authority revoked April 22, 2022, discussed below in connection with motor carrier information painted on the side of the subject truck as of the time of the March 10, 2022 accident.  Catalin Badescu, associated with both C B M Logistics and B Trans Logistics in California formerly was President of "CB Transportation Inc.", a Michigan corporation dissolved in 2012.

the tractor was "under full time lease to: MP Trucking DOT2951615".[6]

12.    By signing the Great West application, defendants Bodescu and D&C certified at the top of the application "that the following statements are true and that my (our) policy will be issued based on this information"[7] and certified just above Bodescu's signature that "to the best of my knowledge, the above statements are true and complete and are made as the basis and condition of the insurance applied for in this Application."[8]

13.    Great West relied upon such representations and would not have insured D&C under a non-trucking use policy unless the tractor-trailer was under lease to an authorized motor carrier.  D&C had no motor carrier authority of its own.

―――――――――――

[6]  Exhibit C, D&C Express Inc. Non-Trucking Use Application to Great West for insurance pages 2 and 4, including "Non-Trucking Use Liability questions" answered and signed by Bodescu as D&C's President on January 29, 2022, pages D&C2361-2363 plus Bodescu signed signature page.  D&C through Bodescu represented in its January 29, 2022 Application to Great West that 96% of its trips were within 500 miles of Livonia, Michigan, with the "Metro Areas" served indicated as "Livonia, MI" per "Remarks" on the Application's signature page. D&C through Bodescu also represented in its Application to Great West that "all commercial or mobile equipment that you own or operate under your authority [was] described in this application", Exhibit C page D&CB2363.

[7]  Exhibit C, D&C Express Inc. Non-Trucking Use Application to Great West, page D&C2361.

[8]  Exhibit C, D&C Express Inc. Non-Trucking Use Application to Great West, signature page.

14.     In reliance on D&C's/Bodescu's written representations in D&C's application to Great West for insurance, Great West insured D&C under Non-Trucking Use Commercial Lines Policy No. MCP79768A effective January 29, 2022, attached as Exhibit D.[9]

15.     The Great West Non-Trucking Use policy included certain liability and Personal Injury Protection coverage.  The Michigan Motor Carrier – Insurance for Non-Trucking Use endorsement was an important part of the Great West policy, stating in pertinent part:

This endorsement modifies insurance provided under the following:

MICHIGAN COMMERICAL AUTO COVERAGE PART

*                    *                    *

For a covered "auto" described in the SCHEDULE on this endorsement, Covered Autos Liability Coverage, Michigan Personal Injury Protection, Michigan Property Protection Coverage and Uninsured Motorists Coverage are changed as follows:

**A.**     Covered Autos Liability Coverage does not apply while the covered "auto" is used in the business of anyone to whom it is leased or rented if the lessee has liability insurance sufficient to pay for damages in accordance  with Chapter 31 of the Michigan Code.

---

[9]  The Great West policy copy attached as Exhibit D has been redacted to delete irrelevant personal identifying information and confidential business information such as rating and premium information.  Upon information and belief defendants D&C and Bodescu each have or have access to an unredacted copy of the Great West policy.

**B.**   Michigan Personal Injury Protection…do[es] not apply to "bodily injury"…resulting from the operation, maintenance or use of the covered "auto" in the business of anyone to whom it is leased or rented if the lessee has Michigan Personal Injury Protection…on the "auto".

**C.**   Uninsured Motorists Coverage applies only while an "insured" is occupying a covered "auto" while:

**1.**   The covered "auto" is not used to carry property in any business; and

**2.**   The covered "auto" is not used in the business of anyone to who the "auto" is rented, leased or loaned.

Exhibit D, Great West policy form CA 49 74 12 13, page D&CB1679.

16.     The limited scope of the Great West policy, generally non-trucking use exposures, is reinforced in the Commercial Auto Coverage Part – Michigan Non-Trucking Use Coverage Form which states in Section II at page 6 of 15 in Exclusion 16 that the Covered Auto Liaiblity Coverage does not apply when the insured vehicle is used to carry property in any business or when the insured vehicle is used in the business of anyone to whom it has been rented, leased, or loaned.  Exhibit D, Great West policy form CA 14 21 11 20, page D&CB1702.

17.      The Great West policy also provided that no PIP coverage would be owed if the owner or registrant of the vehicle did not have in place the insurance coverage required by the Michigan no-fault law.[10]

---

[10]  The subject truck tractor was registered in Michigan and had a Michigan license plate at the time of the subject Texas accident; the subject trailer reportedly had a

18. Section V – Motor Carrier Conditions in the Commercial Auto Coverage Part – Michigan Non-Trucking Use Coverage Form, form CA 14 21 11 20, states in subsection A, Loss Conditions, at page 10 of 15 that the insured must cooperate in the investigation of the claim and provides for examination and audit of the insured's records as they relate to the Great West policy. Exhibit D, Great West policy page D&CB1706.

19. Section V – Motor Carrier Conditions in the Commercial Auto Coverage Part – Michigan Non-Trucking Use Coverage Form, form CA 14 21 11 20, states in subsection B, General Conditions, at page 11 of 15:

**B.     GENERAL CONDITIONS**

---

California license plate at the time of the accident (see, e.g., Exhibit A, the Crash Report, Units numbers 1 and 2). Great West Michigan Personal Injury Protection policy form CA 50 09 07 20 on page 3 of 6 excludes PIP coverage under certain circumstances, including stating PIP benefits for "bodily injury" will not be paid:

- "[t]o the owner or registrant of an 'auto' for which the coverage required by the Michigan no-fault law is not in effect", exclusion (C)(1)(e),

- "[t]o you while 'occupying' an 'auto' which is owned or registered by your…employer and for which the required Michigan no-fault coverage is in effect", exclusion (C)(1)(j), or

- "[t]o anyone while 'occupying' an 'auto' for which the owner or registrant is not required to provide Michigan no-fault benefits and which is operated by you…outside Michigan ***", exclusion (C)(1)(k),

all on Exhibit D, Great West policy page D&C1682.

\*                    \*                    \*

### 2.    CONCEALMENT, MISREPRESENTATION OR FRAUD

We do not provide coverage in any case of fraud by you at any time as it relates to this Coverage Form.  We also do not provide coverage if you or any other "insured", at any time, intentionally conceals or misrepresents a material fact concerning:

a.    This Coverage Form;

b.    The covered "auto";

c.    Your interest in the covered "auto"; or

d.    A claim under this Coverage Form.

Exhibit D, Great West policy page D&CB1707.

20.    Defendant Northland insured MP for at least motor carrier liability purposes under policy number WN315667 effective November 24, 2021-November 24, 2022.[11]  Northland has represented that the truck tractor involved in the subject Texas accident was not a scheduled auto on that policy.[12]

---

[11]  Exhibit E is Northland Insurance Company's Commercial Auto Declarations for policy number WN315667 effective November 24, 2021-November 24, 2022 and a Schedule of Automobiles forming part of the Declarations for that policy, respectively pages 24 and 26 of 77.  Northland has declined to provide Great West with a complete copy of its policy insuring Marian Plesoianu doing business as MP Trucking.  See also USDOT FMCSA SAFER website for Marian Plesoianu doing business as MP Trucking, USDOT 2951615, https://li-public.fmcsa.dot.gov/LIVIEW/pkg_carrquery.prc_activeinsurance.

[12]  The Michigan Court of Appeals has held that a commercial auto policy providing Michigan PIP coverage may not avoid providing coverage by limiting

## **FREIGHT RECORDS AND PAYMENTS**

21.     Upon information and belief, in the first quarter of 2022 MP regularly

paid Bodescu for driving loads for MP.[13]

22.     Bodescu/D&C have repeatedly represented that the subject

commercial truck was leased to MP with D&C under dispatch and load for MP at

the time of the March 10, 2022 Texas accident.  Bodescu/D&C have stated that a

copy of the MP lease was in the truck at the time of accident; no copy of the MP

lease has been provided to Great West to date.

23.     The Driver's Daily Log furnished to Great West for March 10, 2022

shows that Bodescu was driving for and under the motor carrier authority of MP

_____

coverage to scheduled autos.  *See Memberselect Ins. Co. v. Hartford Acc. &
Indemn. Co.,* Mich. App. Docket No. 355326, released September 15, 2022,
designated for publication.  In addition, Northland may have responsibility under
the MCS-90 endorsement presumed to have been part of its commercial auto
policy insuring motor carrier MP.

[13]  D&C/Bodescu have provided Great West with screen shots of what have been
represented be three separate $5,000 electronic payments from MP to Bodescu
using the Zelle payment application, a total of $15,000, in March 2022 together
with a represented Zelle Transaction History showing multiple payments received
from Marian Plesoianu on January 28 and 31, February 10 and 14, and March 2, 3,
8 and 9, 2022.  Exhibit F.  D&C/Bodescu also has provided a copy of a March 3,
2022 shipping document purportedly showing an American Eel Deport Corp
payment to MP in the amount of $9,875 for transporting freight to California,
attached as Exhibit G.

that day.[14]

24.    MP on the other hand reportedly has represented that there was no
lease between Bodescu/D&C and MP and that D&C was not under load for MP on
March 10, 2022.  MP reportedly has further asserted that D&C/Bodescu without
authorization from MP may have been operating using MP's motor carrier number
and/or otherwise suggesting it/he was operating under MP's motor carrier authority
when in fact there was no on-going business relationship between MP and
Bodescu/D&C and D&C/Bodescu were not under the dispatch of or under load for
MP, including as of the time of the March 10, 2022 Texas accident.[15]

---

[14]  March 10, 2022 Driver's Daily Log attached as Exhibit H.  D&C has provided
Great West with more than 20 individual driver's daily logs showing driver
Bodescu driving for MP in 2022 prior to the date of the accident at issue.

[15]  More specifically, defendant Northland has asserted its insured, MP, had no
involvement with the subject accident, asserting that D&C/Bodescu in essence
stole MP's USDOT information to procure loads, falsely operating under MP's
motor carrier authority.

Painted motor carrier information still on the side of the commercial truck cab
at the time of the accident identified applicable motor carrier authority as B Trans
Logistics LLC, Riverside, CA, USDOT No. 3095031 ("B Trans"), Exhibit I.
Bodescu/D&C have represented to Great West that D&C purchased the truck
tractor from B Trans in 2021 (see Exhibit B) and that D&C had covered over the B
Trans painted placard information with cardboard placards reflecting MP's motor
carrier information after leasing onto MP.  B Trans has denied any responsibility in
connection with this March 10, 2022 accident.

According to the USDOT FMCSA SAFER website, the motor carrier authority
of B Trans was revoked March 22, 2022, and its United Specialty Insurance
Company policy was cancelled April 27, 2022.

25.     Upon information and belief, on March 10, 2022 D&C/Bodescu was

transporting products from Karabetian Import & Distribution, Inc. ("Karabetian"),

Kradjian Importing Co., Inc. ("Kradjian"), and Karoun Dairies, LLC ("Karoun") in

California to their respective customers in Southeast Michigan.[16]

---

[16]  Copies and images of bills of lading received with respect to freight on the truck
at the time of the accident reflect Karabetian products were picked up on March 8,
2022 in Los Angeles, California, to be delivered to Karabetian's customers in
Dearborn (Everfresh Fruit Market and Eastborn Fruit), Sterling Heights (Dream
Market #1 and #2), and Troy (Paradise Market), Michigan, Exhibit J.

A copy of a March 8, 2022 Kradjian Importing Co., Inc. Invoice/Order No.
1108211 provided by Bodescu to Great West suggests D&C/Bodescu was
transporting foodstuffs to Michigan on behalf of Kradjian at the time of the
accident, Exhibit K.  Bodescu has asserted he was doing so on behalf of MP.

Copies and images of Karoun bills of lading indicate products were picked up
on March 8 and 9, 2022, in San Fernando California, to be delivered to Karoun's
customers in Dearborn, Michigan (Dearborn Fresh Market, Shatila Food Products,
and Green Cedar Dairy), Exhibit L.

The Karabetian bills of lading for freight in the subject truck trailer at the time
of the accident listed "D&C" as the carrier (Exhibit J); the Karoun Dairies bills of
lading listed "Soren" as the carrier (Exhibit L); the Kradjian invoice/order does not
list a motor carrier for that load.

Two Karabetian bills of lading referenced USDOT numbers for consignors of
the shipments, Eastborn Market LLC, Dearborn, Michigan, USDOT No. 2860843,
and Paradise Market, Troy, Michigan, USDOT No. 1795653 (Exhibit J).  It is not
clear whether D&C/Bodescu are asserting that it/he was operating under the motor
carrier authority of either of these entities; as indicated in footnote 15 above,
Bodescu/D&C have represented to Great West that D&C had covered over the B
Trans painted placard information on the truck with cardboard placards reflecting
MP's motor carrier information after leasing onto MP.

26.     Upon information and belief, Karoun Dairies paid or was to have paid MP as the motor carrier for transporting the load involved in the subject accident.[17]

## THE SUBJECT ACCIDENT

27.     On the evening of March 10, 2022, Bodescu was driving northbound on U.S. 83 north of Shamrock, Texas, when the D&C tractor/trailer collided with another tractor/trailer coming from the opposite direction near Mile Marker 111.

28.     Bradley Hedger, the driver of the other truck involved in the March 10, 2022 accident died of injuries sustained in the accident.

29.     Counsel for non-party survivors of decedent Hedger has given notice to preserve evidence in connection with a potential wrongful death claim arising out of the accident.[18]

30.     Counsel for the non-party worker's compensation insurer for decedent Hedger's employer, 51 Fifty Solutions, Inc., has reported that it is paying death benefits to decedent's widow, it expects to continue doing so for many years, and it

---

[17] In addition to the other bills of lading and papers referenced above, during Great West's investigation Bodescu also provided Great West with a digital image of March 7, 2022 Karoun Dairies, LLC check number 02641 made payable to "MP Trucking", apparently paying for shipment of a pallet of merchandise to "Shatila", in the amount of $350 (Exhibit M).

[18] Bodescu and Sandu have denied allegations that Bodescu was at fault for the accident, asserting instead that decedent Hedger swerved into the northbound lane and hit the D&C truck.

intends to proceed with negligence and negligence per se claims against Bodescu and D&C among others.[19]

31.     Upon information and belief Sandu was a non-driver passenger in the truck on the subject trip and at the time of the subject accident.

32.     Defendant passenger Sandu has asserted he was injured in the March 10, 2022 accident and has asked Great West to provide Michigan PIP benefits for the Texas accident.

33.     Upon information and belief defendant D&C owner and defendant driver Bodescu also has asserted he was injured in the March 10, 2022 accident and has asked Great West to provide Michigan PIP benefits for the Texas accident.

34.     On April 21, 2022, Great West after initial investigation sent its reservation of rights to D&C to the attention of Bodescu.[20]

## COUNT I – MISREPRESENTATIONS IN APPLYING FOR INSURANCE FROM GREAT WEST

35.     Great West repeats and realleges each of the preceding paragraphs as a part of this Count.

---

[19]  The Great West Commercial Auto Coverage Part – Michigan Non-Trucking Use Coverage Form specifically states that insurance does not apply to any obligation for which the insured or the insured's insurer may be held liable under any worker's compensation law or any similar law.  Exhibit D, Great West form CA 14 21 11 20, page 4 of 15, Exclusion (B)(3), Great West policy page D&CB1700.

[20] April 21, 2022 Great West reservation of rights letter attached as Exhibit N.

36.     Michigan law provides for equitable rescission of an insurance policy where there has been a misrepresentation of a material fact in the insured's application for insurance.  See, e.g., *Lash v. Allstate Ins. Co.*, 210 Mich. App. 98, 103 (1995) ("It is well settled that a material misrepresentation made in an application for no-fault insurance entitles the insurer to rescind the policy."); *Keys v. Pace*, 358 Mich. 74, 82-83 (1959).

37.     Under Michigan law the purpose of rescission is to abrogate the contract and restore the parties to the relative positions that they would have occupied if the contract had never been made.  *Bazzi v. Sentinel Ins. Co.*, 502 Mich. 390, 409 (2018); *Wall v. Zynda*, 283 Mich. 260, 264 (1938) (citing 1 Black on Rescission and Cancellation (2d Ed.) §1).

38.     Under Michigan law rescission is an equitable remedy.  *Bazzi, supra* at 408-412.

39.     Under Michigan law rescission of a contract is an appropriate remedy regardless of whether the misrepresentation was fraudulent, innocent, or simply a mutual mistake about a material fact.  *Lenawee County Board of Health v. Messerly*, 417 Mich. 17 (1982); *Lash, supra* at 103 ("Rescission is justified in cases of innocent misrepresentation if a party relies upon the misstatement, because otherwise the party responsible for the misstatement would be unjustly enriched if he were not held accountable for his misrepresentation. *** This is true,

even as in this case, if it was a mutual mistake of fact."); *Britton v. Parkin*, 176 Mich. App. 395 (1989).

40.     Under Michigan law the Court is to undertake a case-by-case analysis with the equitable remedy of rescission in the sound discretion of the trial court after balancing the equities.  *Bazzi, supra* at 408-412; *Lenawee County, supra* at 29; *Mendelson Orthopedics P.C. v. Everest Nat'l Ins. Co.*, 328 Mich. App. 450, 462 (2019); *Schmude Oil Co. v. Omar Operating Co.*, 184 Mich. App. 574, 586, *leave denied*, 437 Mich. 878 (1990).

41.     As stated above including in paragraphs 11-13 above, D&C/Bodescu represented that the subject commercial truck was under full-time lease to MP and, relying on that representation, Great West issued a Non-Trucking Use policy to provide insurance as stated therein for periods when the truck was *not* being used for trucking purposes, e.g., under dispatch, under load, or otherwise operating under the motor carrier authority of MP or otherwise in the business of MP.

42.     To the extent the subject commercial truck was not under full-time lease to MP, as asserted by MP, D&C and Bodescu materially misrepresented key facts relied on by Great West to issue its Non-Trucking Use policy, entitling Great West to rescind its Non-Trucking Use policy, rendering it void ab initio.

43.     The D&C/Bodescu representation, if untrue as MP and Northland assert, caused Great West to accept substantially greater risks than represented or

which it intended to insure; even if an innocent misrepresentation, Great West is entitled to and this Court should grant equitable rescission to Great West.

44.     Michigan law does not require return of the consideration for the contract prior to or even necessarily as a part of the Court's grant of rescission, see, e.g., *Barke v. Grand Mobile Home Sales, Inc.*, 6 Mich. App. 386, 392 (1967) ("It is not a condition precedent in this type of case, where rescission is sought by a complaint, equitable in nature."). Nevertheless, Great West is prepared to promptly return D&C's full premium for the subject policy if equitable rescission is granted with respect to the entire policy, or to otherwise promptly return that part of D&C's premium for the subject policy the Court determines is equitable and proportional consistent with any partial rescission or other equitable relief provided by the Court to Great West.

## COUNT II – MISREPRESENTATIONS IN SEEKING NO-FAULT BENEFITS FROM GREAT WEST

45.     Great West repeats and realleges each of the preceding paragraphs as a part of this Count.

46.     MCL 500.4503, part of the Michigan Insurance Code, MCL 500.100 et seq., defines fraudulent insurance acts:

> A fraudulent insurance act includes, but is not limited to, acts or omissions committed by any person who knowingly, and with an intent to injure, defraud, or deceive:
>
> * * *

(c) Presents or causes to be presented to or by any insurer, any oral or written statement including computer-generated information as part of, or in support of, a claim for payment or other benefit pursuant to an insurance policy, knowing that the statement contains false information concerning any fact or thing material to the claim.

*Williamson v. AAA of Michigan*, Michigan Court of Appeals Docket No. 357070

released September 22, 2022; designated for publication.

47.     D&C and Bodescu have repeatedly represented to Great West as a part of their claims to Great West that D&C was under full-time lease to MP at the time of the March 10, 2022 accident; to the extent such claims contained false representations or information, Great West has no obligation to pay such claims.

## COUNT III – DECLARATORY RELIEF

48.     Great West repeats and realleges each of the preceding paragraphs as a part of this Count.

49.     If D&C proves that it was under lease to MP at the time of the subject accident (contrary to MP's representations) and that it did not misrepresent this fact to Great West, and given Northland's understood insurance obligations, the Non-Trucking Use endorsement quoted in paragraph 11 above provides that no coverage is owed because the truck was under dispatch and load and being used in the business of MP at the time of the subject accident.

50.     If D&C proves that it was under lease to MP at the time of the subject accident (contrary to MP's representations) and that it did not misrepresent this

fact to Great West, given Northland's understood insurance obligations, Northland at a minimum would have certain insurance obligations under its MCS-90 motor carrier endorsement.

51.    Great West respectfully requests declaratory relief from this Court declaring that under these circumstances Northland, not Great West, is the insurer required to respond to PIP claims and/or third-party claims arising from this accident.

52.    Consistent with Federal Rule of Civil Procedure 57, declaratory relief is not precluded by another adequate remedy.

WHEREFORE, Great West by counsel respectfully requests entry of this Court's Judgment:

A.    Equitably rescinding Great West's Non-Trucking Use policy;

B.    Holding that under the circumstances of the underlying accident and claims to Great West, Great West has no duty or obligation to provide Michigan or other PIP benefits to Bodescu, Sandu, or anyone else;

C.    Holding that Great West has no duty to defend or indemnify D&C or Bodescu with respect to any third-party claims arising out of or related to the March 10, 2022 accident;

D.     Holding that under the circumstances of the underlying accident, Northland is the insurer required to respond to claims arising out of this accident; and

E.     Otherwise declaring the respective rights and obligations of the parties with respect to one another and potentially others arising out of or related to the March 10, 2022 accident.

In addition Great West by counsel respectfully requests an award of its costs and reasonable attorney fees incurred to process all related claims and bring and pursue this action and award of such other relief in favor of Great West as this Court determines to be appropriate under these circumstances.

Respectfully submitted,

Stephen M. Kelley, P.C.

Dated:  November 15, 2022          By:  _/s/ Stephen M. Kelley_____
                                                   Stephen M. Kelley (P33197)
                                                   Elizabeth A. Downey (P37036)
                                        Counsel for plaintiff Great West
                                            Casualty Company
                                        19501 East Eight Mile Road
                                        St. Clair Shores, MI 48080
                                        (586) 563-3500
                                        skelley@kelleyattys.com
                                        ldowney@kelleyattys.com