UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREAT WEST CASUALTY
COMPANY,

           Plaintiff,

v.

D & C EXPRESS INC., et al.,

           Defendants.
_____/

Case No. 2:22-cv-12773

HONORABLE STEPHEN J. MURPHY, III

**ORDER GRANTING**
**MOTIONS FOR DEFAULT JUDGMENT [31; 32; 33]**

On November 15, 2022, Plaintiff Great West Casualty Company filed the present complaint. ECF 1. Plaintiff served Defendants D&C Express Inc., Sorin Bodescu, and Marian Plesoianu in November 2022. ECF 10; 11; 12. None of the above-named Defendants answered or otherwise responded to the complaint. Accordingly, on February 17, 2023, Plaintiff requested the Clerk of the Court to enter Defendants into default. ECF 16; 17; 18. The Clerk of the Court promptly entered the request against all three Defendants. ECF 19; 20; 21. Plaintiff also served Defendant Ioan Sandu in May 2023. ECF 25. Because Defendant Sandu failed to answer or otherwise respond to the complaint, Plaintiff requested the Clerk of the Court to enter him into default, ECF 28, which the Clerk of the Court entered, ECF 29.[1] Then, Plaintiff served Defendants D&C Express, Bodescu, and Plesoianu a "Notice of Entered Default."

---

[1] The remaining Defendant, Northland Insurance Company, timely appeared and answered. ECF 4; 7; 8.

1

ECF 31-1; 33-1. And none of the four Defendants in default have appeared in the case. *See* ECF 31, PgID 347; ECF 32, PgID 374; ECF 33, PgID 399.

On May 23, 2023, Plaintiff moved for default judgment against Defendants D&C Express, Bodescu, Plesoianu, and Sandu under Federal Rule of Civil Procedure 55. ECF 31; 32; 33. Defendants filed no objections or responses to the motions. The Court, being fully apprised in the premises, finds that under Federal Rule of Civil Procedure 55(b)(2), Plaintiff is entitled to default judgment against Defendants D&C Express, Bodescu, Plesoianu, and Sandu for the relief stated in the complaint, ECF 1. Plaintiff's motions for default judgment, ECF 31; 32; 33, the exhibits filed in support, ECF 31-1; 33-1, and the pleadings support the Court's finding. The Court will also find the following:

1. Defendants D&C and Bodescu have not appeared and have not disputed allegations in the complaint that in applying for insurance from Plaintiff Great West they misrepresented a material fact: that they were leased onto and operating under the motor carrier authority of MP Trucking. That misrepresentation was material and is sufficient grounds to rescind and void the Great West policy *ab initio*.

2. Defendant Ioan Sandu has not appeared and has not disputed allegations in the complaint to the effect that in applying for insurance from Plaintiff Great West, Defendants D&C and Bodescu misrepresented a material fact: that they were leased onto and operating under the motor carrier authority of MP Trucking. That misrepresentation was material and is sufficient grounds to rescind and void the Great West policy *ab initio*.

3. Defendant Plesoianu has not appeared and has not disputed allegations in the complaint to the effect that in applying for insurance from Plaintiff Great West, Defendants D&C and Bodescu misrepresented a material fact: that they were leased onto and operating under the motor carrier authority of Defendant Plesoianu doing business as MP Trucking. That misrepresentation was

2

material and is sufficient grounds to rescind and void the Great West policy *ab initio*.

Last, Under Civil Rule 54(b), the Court must examine whether entry of a default judgment would prejudice a defendant who has appeared in the case and answered. Defendant Northland Insurance asserted in its answer that Defendants D&C and Bodescu were not operating under the motor carrier authority of MP Trucking at the time of the accident in question. ECF 7, PgID 142–43. By entering a default judgment that adopts this undisputed allegation as an admitted fact, the position of Defendant Northland Insurance cannot be prejudiced. There is no just reason to delay entry of a default judgment against defaulted Defendants D&C, Bodescu, Sandu, or Plesoianu.

**WHEREFORE**, it is hereby **ORDERED** that the motions for default judgment against Defendants Sorin Bodescu, D & C Express Inc., Ioan Sandu, and Marian Plesoianu [31; 32; 33] are **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Great West's Non-Trucking Use Commercial Lines Policy No. MCP79768A effective January 29, 2022 is **RESCINDED** *ab initio* for material misrepresentation in the inducement ("the rescinded policy").

**IT IS FURTHER ORDERED** that Plaintiff Great West has **NO DUTY** to provide Michigan PIP or other benefits or payments to anyone under or pursuant to the rescinded policy.

**IT IS FURTHER ORDERED** that Plaintiff Great West has **NO DUTY** to defend or indemnify anyone, to undertake or perform any other obligation, or to make

any payment to anyone under the rescinded policy for any claim arising during the stated period of the rescinded policy or otherwise alleged to relate to the rescinded policy, including but not limited to any claim or other obligation arising out of or related to the March 10, 2022 Texas accident described in the present complaint, ECF 1, PgID 1.

**SO ORDERED.**

s/ Stephen J. Murphy, III<br>
STEPHEN J. MURPHY, III<br>
United States District Judge

Dated: May 30, 2023

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 30, 2023, by electronic and/or ordinary mail.

s/ David P. Parker<br>
Case Manager